Herman A. Stoebe, Respondent, *v.* Hanover Fire Insurance Company of New York, Appellant.

*Insurance — fire insurance — waiver of filing proof of loss — authority of adjuster.*

Appeal by the defendant, the Hanover Fire Insurance Company of New York, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, rendered on the 2d day of April, 1908.

Rich, J. : The plaintiff has recovered in an action upon a policy of insurance for losses sustained by fire. The policy provides, as a condition precedent to maintaining the action, that the insured should, within sixty days after the fire occurred, file with the company sworn proofs of loss. It is conceded that such proofs were not filed, and the respondent's contention to support the judgment rests upon the conduct of one of the defendant's adjusters and his conversations with him, which it is claimed establishes a waiver of the requirement of the policy to file such proof of loss. The evidence does not support this contention and the judgment must be reversed and a new trial ordered, costs to abide the event. Woodward, Jenks, Hooker and Gaynor, JJ., concurred. Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.

---

Louis Rothbard, Respondent, *v.* Abels, Gold Realty Company, Appellant.

*Contract — agreement to purchase land — encroachments — alteration of contract by agent — authority of agent.*

Appeal by the defendant, Abels, Gold Realty Company, from a judgment of the Supreme Court, entered in the Kings county clerk's office on the 9th day of January, 1908, upon the decision of the court rendered after a trial at the Kings County Trial Term, a jury having been waived.

Judgment affirmed, with costs, on the opinion of Mr. Justice Kelly at Trial Term. Woodward, Jenks, Hooker, Gaynor and Miller, JJ., concurred.

The following is the opinion delivered at Trial Term:

Kelly, J. : I think the failure to carry out the contract was caused by the unreasonable and unlawful act of the defendant on June 17, 1907, in insisting that plaintiff's rights under the contract were forfeited because of plaintiff's failure to pay an additional $500 on account of the deposit. On the day fixed for closing the title originally, May 15, 1907, defendant was not ready. The buildings were not completed; the first mortgage to be placed on the property had not been so placed. Plaintiff was entirely within his rights in asking a postponement. Defendant knowing that plaintiff was absent from the city insisted on inserting a new condition, changing the terms of the contract providing that an additional payment of $500 should be made on May 25, 1907. But the adjournment was agreed on, the $500 was not paid on May 25, 1907, because plaintiff had never agreed to pay it, and the agent who signed the adjournment had no authority to alter the contract nor was there any reason or consideration for so altering it. The fault was with defendant on May fifteenth. Nor did the defendant demand payment of the $500. Plaintiff returned to the city about June 1, 1907, but defendant never suggested any claim that the contract was

forfeited until the day set for closing, June 17, 1907. On the latter day plaintiff went to defendant's office with the balance of the cash. He made objections as to the alleged encroachments reported by his surveyor. One of the objections had some force in fact. The show windows were out eleven inches over the street line, but they were well within the area or stoop line, and there is nothing to show that the character of the neighborhood or the surrounding property make such projections an objection to the marketability of the title. The claim that the walls encroach seem to me to be disproved. I think the preponderance of the testimony is with the defendant, and I find that the walls do not run over the line. But instead of meeting the plaintiff in the endeavor to carry out the contract and to dispose of these objections, the defendant insists that plaintiff's rights are gone, that the contract is forfeited, because the $500 additional deposit, not provided for in the contract, and not previously demanded, was unpaid. Plaintiff had his money with him. He tendered it. No offer of a deed was made by the defendant. Indeed there is some question on the evidence whether title was in the defendant. Title to real estate passes by execution and delivery of deeds, and title once vested is not divested because the grantee may hand the deed back to some one. Plaintiff's counsel on the trial takes the position that the contract was canceled — that it had been rescinded. I do not think the proof warrants a finding that plaintiff had forfeited his rights under the contract and his right to the $2,500 which he had paid, and I find that he is entitled to a judgment for the return of the money and the expense of searching the title.